# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN KITTS,<br>    *Plaintiff*, | § <br> § <br> § | |
| vs. | § <br> § | Civil Action No.  4:24-CV-00659 <br> Judge Mazzant |
| TCB TEXAS HOLDINGS LLC and<br>ANDREA HUNDLEY<br>    *Defendants*. | § <br> § <br> § <br> § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant TCB Texas Holdings LLC and Andrea Hundley's Motion to Dismiss (Dkt. #8).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

## BACKGROUND

Plaintiff Brian Kitts alleges that Defendants—without authorization—used Kitts's copyrighted work from the internet in order to advertise, market, and promote their business activities (Dkt. #1 at p. 2).  Defendants disagree and argue that Kitts's suit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #8 at p. 1).

On August 16, 2024, Defendant Andrea Hundley[1] filed a Motion to Dismiss (Dkt. #8). Kitts filed a response on August 29, 2024 (Dkt. #11).  On September 4, 2024, Hundley filed a reply (Dkt. #13).

---

[1] Plaintiff's complaint listed the Defendant's name as Andrea Sue Hundley (*See* Dkt. #1 at p.1).  Defendant states that the middle name is incorrect; her name is Andrea Friedheim Hundley (Dkt. #8 at p. 1).  The Court refers to Defendant as Andrea Hundley.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and

disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Hundley argues the Court should dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Before turning to the arguments, the Court must determine which arguments are properly before it. The Court construes the filings liberally because Hundley is proceeding *pro se*. *Eller v. Cole*, No. 23-50018, 2023 WL 7268221, at *1 (5th Cir. 2023). Nonetheless, Hundley "must still comply with the law and procedural rules." *Washington v. East Baton Rouge Par. Sch. Sys.*, 471 F. App'x 306, 306 (5th Cir. 2012).

### I.  The Motion on Behalf of TCB Texas Holdings LLC is Improper

The Motion on behalf of TCB Texas Holdings LLC ("TCB") is not properly before the Court. Accordingly, it must be denied. It is well established that corporations, partnerships, associations, and other artificial entities may only appear in federal court through a licensed attorney. *See Rowland v. California Men's Colony, United II Men's Advisory Council*, 506 U.S. 194,

202 (1993).  As such, a company and a limited liability company cannot proceed *pro se* in federal court.  *See id.*; *TenPearls, LLC v. Medulla Int'l, LLC*, No. 4:22-cv-550-SDJ, 2023 WL 3292883, at *1 (E.D. Tex. May 5, 2023) (citing *Lattanzio v. COMTA*, 481 F.3d 137, 138 (2nd Cir. 2007)).  Here, TCB is a party to the suit, yet Hundley is not a licensed attorney (*See* Dkt. #1 at p. 3; Dkt. #7).  As such, Hundley cannot appear on behalf of TCB before the Court or file any motions on its behalf. Thus, the motion on behalf of TCB must be denied.

Accordingly, Hundley may only represent herself and file motions in her individual capacity.  *See* 28 U.S.C. § 1654.

## II.    The Rule 12(b)(6) Motion Should be Denied

After reviewing the relevant pleadings and the arguments contained in the briefing, the Court finds that Kitts has stated plausible claims for relief for the purposes of defeating a Rule 12(b)(6) motion.

## CONCLUSION

It is therefore **ORDERED** that Defendant Andrea Hundley's Motion to Dismiss (Dkt. #8) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 2nd day of October, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE